UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESLEY REED and RACHEL LAMBERT,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON; JONATHAN CLAPPER and JANE DOE CLAPPER, individually and the marital community thereof; and DOES 1-5, inclusive,<br><br>Defendants. | CASE NO. C09-5138BHS<br><br>ORDER GRANTING DEFENDANT STATE OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the motion for summary judgment filed by Defendant State of Washington ("the State"). Dkt. 7. Attorneys for the State do not represent any other Defendant in this matter. *Id*. at 1.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs provided the following factual background and allegations:

At the time of the alleged incidents, Plaintiffs were state inmates under the care and custody of Washington Corrections Center for Women ("WCCW"). Dkt. 1 at 3. Defendant Jonathan Clapper was employed as a corrections officer at the WCCW. *Id*.

On July 9, 2008[1], Plaintiff Lesley Reed was forced to perform oral sex and was assaulted by Mr. Clapper. *Id*. In the months of June, July, and August 2007 or 2008[2], Mr.

---

[1] Ms. Reed alleges later in the complaint that, on or about July 9, 2007, Mr. Clapper assaulted her and forced her to have oral sex. *See* Dkt. 1, 4-5. It is unclear whether the 2008 year listed on page 3 of the complaint is an error.

[2] The complaint contains a typo, and it is unclear whether Plaintiffs intended the date of these incidents to take place in 2007 or 2008.

ORDER – 1

Clapper requested to touch Plaintiff Rachel Lambert's breast and buttocks, and made sexually suggestive comments to her. *Id*. Mr. Clapper told Plaintiffs that he found them to be attractive, that he was having sexual fantasies about them, and that he wanted to engage in intercourse with them. *Id.* at 4. Also, Mr. Clapper began to attempt to touch Plaintiffs "inappropriately." *Id*.

At some point, Plaintiffs told Mr. Clapper that they were not interested in him and that they hoped he would leave them alone. *Id*. Mr. Clapper told Plaintiffs that if they reported his behavior, he would make their lives difficult and may even have them transferred. Plaintiffs chose not to report Mr. Clapper's behavior because they only had "several" months remaining on their sentence and did not want to get into trouble or jeopardize their chance of being released. *Id*.

On or about July 9, 2007, Mr. Clapper "required" Ms. Reed to go to the Laundry Building with him. *Id*. Once in the Laundry Building, Mr. Clapper assaulted and forcibly pushed Ms. Reed's head to perform oral sex on his penis. *Id*., 4-5. Ms. Reed maintains that she retained Mr. Clapper's seamen, "which was tested and confirmed male seamen." *Id*. at 5.

On March 13, 2009, Plaintiffs filed a complaint. Dkt. 1. Plaintiffs allege the following causes of action:

1. Violation of the Fourth Amendment of the U.S. Constitution (seizure of person) against Defendants Clapper and the State, "actionable" under 42 U.S.C. § 1983.

2. Violation of the Fourth Amendment (privacy) against Mr. Clapper and the State, under Section 1983.

3. Violation of the Fourteenth Amendment (liberty) against Mr. Clapper and the State, under Section 1983.

4. Violation of the Eight Amendment (cruel and unusual punishment) against all Defendants, under Section 1983.

5. Violation of the following federal statutes, against all Defendants: the Institutionalized Persons Act, 42 U.S.C. § 1997, *et seq*.; the Prison Rape Elimination Act,

42 U.S.C. § 13981, *et seq.*; the Crimes Against Women Act, 42 U.S.C. §§ 15601-09, *et seq.*; and the Detainee Treatment Act, 42 U.S.C. § 2000(d)[3].

      6.      Outrage against Mr. Clapper and the State.

      7.      Negligent hiring, supervision, and training against the State.

      8.      Negligence against the State.

      9.      Gender discrimination against all Defendants.

On March 26, 2009, the State filed an answer. Dkt. 5. The State asserted several affirmative defenses, including immunity under the Eleventh Amendment and failure to state a claim. On April 3, 2009, the State filed an amended answer. Dkt. 6.

On April 23, 2009, the State filed a motion for summary judgment. Dkt. 7. The State contends that (1) Plaintiffs' civil rights and pendent state law claims are barred by the Eleventh Amendment because the State has not consented to being sued in federal court; (2) the State is not a "person" as defined under Section 1983, and is not subject to suit; and (3) Plaintiffs' fifth cause of action, alleging claims under various federal statutes, fails to state claims because the respective statutes do not create private causes of action, do not waive sovereign immunity, or are not applicable to the facts of this case. *Id.*, 1-2.

On May 11, 2009, Plaintiffs filed a response. Dkt. 16. Plaintiffs maintain that (1) the State's motion was improperly styled a "motion for summary judgment" rather than a motion under Federal Rule of Civil Procedure 12; and (2) their claims under the Fourth, Eighth, and Fourteenth Amendments are cognizable. *Id.*, 1 and 5. Plaintiffs also state that they "did not bring a [Section 1983] action and [that they] acknowledge[] that the State is not an individual under [S]ection 1983." *Id.* at 5. Finally, Plaintiffs contend that a motion filed under Rule 12 would be untimely. *Id.*

On May 15, 2009, the State filed a reply. Dkt. 18.

---

[3] It appears that Plaintiffs intended to cite 42 U.S.C. § 2000dd, the statute for the Detainee Treatment Act, rather than 42 U.S.C. § 2000d.

ORDER – 3

**II. LEGAL STANDARDS**

**A.     SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) ("Rule 56"). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## B. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

## C. SECTION 1983

Section 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to state a claim under 42 U.S.C. § 1983, plaintiffs must demonstrate that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986).

## D. ELEVENTH AMENDMENT IMMUNITY

As a general rule, "a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). However, there are certain exceptions to the reach of the Eleventh Amendment. *Atascadero State Hosp. v.*

*Scanlon*, 473 U.S. 234, 238 (1985). For example, a state waives immunity if it consents to suit in federal court. *Id*. Additionally, Congress can abrogate the Eleventh Amendment, but only when it has unequivocally expressed intent to do so. *Id.*

Courts have held that Congress did not abrogate the Eleventh Amendment when Section 1983 was enacted. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67 (1989). Where a state has not consented to suit in federal court, the Eleventh Amendment bars adjudication of pendent state law claims. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

## III. DISCUSSION

### A. PLAINTIFFS' SECTION 1983 CLAIMS

Plaintiffs claim that the State did not address their claims under the Fourth, Eighth and Fourteenth Amendments in its motion for summary judgment. Plaintiffs also claim that they did not "directly" bring an action under Section 1983. Plaintiffs maintain, without any citation to statute or case law, that, in this case, "the State may be sued for violation of the Amendments to the Constitution or the Constitution itself." The Court is not persuaded by Plaintiffs' arguments.

As noted in the State's reply, it is unclear why Plaintiffs now assert that they are not bringing claims under Section 1983. Plaintiffs cite Section 1983 in support of each of their causes of action alleging constitutional violations. *See* Dkt. 1. In any event, Section 1983 is the procedural device whereby a plaintiff may seek redress of constitutional violations.

The Court concludes that Plaintiffs' Section 1983 claims against the State must be dismissed. First, Plaintiffs' Section 1983 claims against the State are barred by the Eleventh Amendment. As acknowledged by Plaintiffs, the State is not a "person" under Section 1983. *See* Dkt. 16 at 5. Second, Plaintiffs cannot bring a cognizable claim against the State based on vicarious liability. *See Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).

## B. PLAINTIFFS' CIVIL RIGHTS CLAIMS

The State maintains that Plaintiffs' civil rights claims also fail because the State is entitled to Eleventh Amendment immunity. The State argues that Plaintiffs have not cited to any federal statute or case law stating that Congress specifically intended to abrogate Eleventh Amendment immunity when it passed the Institutionalized Persons Act, 42 U.S.C. § 1997, *et seq.*; the Prison Rape Elimination Act, 42 U.S.C. § 13981, *et seq.*; the Crimes Against Women Act, 42 U.S.C. §§ 15601-09, *et seq.*; or the Detainee Treatment Act, 42 U.S.C. § 2000dd. In addition, the State maintains that Plaintiffs' claim under 42 U.S.C. § 2000d, to the extent Plaintiffs are pursuing such a claim, is not cognizable because they have not alleged they were discriminated against based on their race, color, or national origin.

The Court agrees with the State. Plaintiffs have not met their burden in demonstrating that their federal claims are not barred by the Eleventh Amendment, nor have Plaintiffs alleged facts which could make cognizable a claim under 42 U.S.C. § 2000d. Plaintiffs did not address these claims in their response to the State's motion for summary judgment.

## C. PLAINTIFFS' STATE LAW CLAIMS

The State contends that Plaintiffs claims fail because they have not shown the State agreed to waive its right to Eleventh Amendment immunity. The Court agrees. Plaintiffs have not met their burden in demonstrating that their state claims are cognizable. *See Cholla*, *supra.* Plaintiffs did not address these claims in their response to the State's motion for summary judgment.

## D. TIMELINESS OF THE STATE'S MOTION

Plaintiffs claim that the State's motion fails because it should have been brought under Rule 12, and that a motion pursuant to Rule 12 would be untimely. The Court is not persuaded by Plaintiffs' argument. Plaintiffs have not provided any authority for their claim that such a motion would be untimely.

Plaintiffs' argument that the State's motion fails because it seeks relief under Rule 12, rather than Rule 56, is unavailing. Plaintiffs provide no authority for this argument. In any event, the Court concludes that under either standard, Plaintiffs' claims fail.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that

Defendant State of Washington's motion for summary judgment (Dkt. 7) is **GRANTED**. Plaintiffs' claims against the State of Washington are **DISMISSED WITH PREJUDICE**.

DATED this 19th day of May, 2009.

BENJAMIN H. SETTLE
United States District Judge